(94 South. 408)

No. 25487.

**STATE v. MUSTACHIA et al.**

(Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⚖️1144(13)—Assumed that defendant was shown to have violated statute.**

On appeal from a conviction for accepting a bet on a horse race outside an inclosed and licensed race track, the Supreme Court is bound to assume that defendant did some one of the things and in the manner denounced by Act No. 127 of 1920, nothing appearing to the contrary, and the court having no jurisdiction of the facts.

**2. Statutes ⚖️79(1)—Act as to betting on races outside place where race held is not a local law granting a special privilege and does not discriminate.**

Act No. 127 of 1920, making it unlawful to encourage or assist any person to bet on a horse race outside the track or inclosure where the race takes place, is not local and does not confer any special privilege within Const. 1921, art. 4, § 4, prohibiting local or special laws granting special privileges, and does not discriminate against any one.

**3. Gaming ⚖️3 — Statute prohibiting betting outside race track or inclosure is within the police power of the state.**

Act No. 127 of 1920, making it unlawful to encourage or assist any one to bet on a horse race outside the track or inclosure where the race takes place, is an exercise of the police power to prohibit betting or gambling under Const. 1913, art. 188, and Const. 1921, art. 19, § 8.

**4. Constitutional law ⚖️30—Provision as to gambling not self-executing; "suppress."**

While the word "suppress," as used in Const. 1913, art. 188, and Const. 1921, art. 19, § 8, requiring the Legislature to pass laws to suppress gambling, is equivalent to prohibit, put down, or end by force, and the Legislature may not license any sort of gambling, the constitutional provision is not self-operating, and gambling is a crime only to the extent to which the Legislature declares it so (citing Words and Phrases, Suppress).

**5. Constitutional law ⚖️250—Act relative to betting on horse races outside race track or inclosure does not violate federal Constitution.**

As Act No. 127 of 1920, making it unlawful to encourage or assist any person to bet on a horse race outside the track or inclosure where the race takes place, applies alike to all persons under the same circumstances and conditions, it does not violate Const. U. S. Amend. 14, § 1.

Appeal from Criminal District Court, Parish of Orleans; Richard A. Dowling, Judge.

Joseph Mustachia, Sr., and another were convicted of an offense, and they appeal. Affirmed.

Theodore H. McGiehan, of New Orleans, for appellants.

A. V. Coco, Atty. Gen., and Robert H. Marr, Dist. Atty., of New Orleans (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

DAWKINS, J. Defendant appeals from a conviction and sentence for violating Act 127 of 1920 by accepting a bet upon a horse race outside of an inclosed and licensed race track.

Accused was not represented by counsel in the trial, but after conviction counsel appeared for him and moved for a new trial, "for the reason that said Act 127 of 1920 is unconstitutional," which was overruled; and a motion in arrest of judgment was then urged upon the same ground, and likewise overruled.

It is contended that the act violates section 4 of article 4 of the Constitution of 1921, declaring that:

"The Legislature shall not pass any local or special law on the following specified subjects: * * *

"Granting to any corporation, association, or individual any special or exclusive right, privilege or immunity."

And that it also contravenes section 1 of article 14 of the federal Constitution providing:

"Nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

### The State Constitution.

The title of the Act 127 of 1920, under which accused is being prosecuted, reads:

"An act making it unlawful for any person to encourage, promote, aid or assist any person or persons to bet or wager upon the result of horse races by the use of any system, method or device, at places other than within the track or enclosure where such races take place. * * *"

[1] The body of the law is in harmony with its title, and makes it unlawful to "encourage, promote, aid or assist any person to bet or wager upon the result of horse races by the use of any system, method or device, at places other than within the track or inclosure where such races take place"; and we are bound to assume, since we have no jurisdiction of the facts, and nothing appearing in the record to the contrary, that accused was shown to have done some one of the things and in the manner denounced by the act.

[2] The statute is not local, for it applies to the entire state, and it does not confer any special privilege upon any one, for any person, firm, or corporation is at liberty to own and operate a race track, upon complying with the law. Nor does it discriminate against any one, for betting may be indulged in by any person, provided it be done within the inclosure of a race track.

[3, 4] The law in question is merely an exercise on the part of the state of the police power, which it undoubtedly possesses, to prohibit betting or gambling. The Constitution declares that:

"Gambling is a vice and the Legislature shall pass laws to suppress it." Section 8, art. 19, Constitution 1921; article 188, Const. 1913.

It is true that the Legislature has not entirely prohibited gambling; but the greater includes the less, and, to the extent which it has been penalized, the lawmaking body's power has not been exceeded. The provision is not self-operating, and gambling is a crime only to the extent to which the Legislature has declared it so. While it is further true that the word "suppress" is equivalent to prohibit, put down, or end by force (Ogden v. City of Madison, 111 Wis. 413, 87 N. W. 568, 55 L. R. A. 506; Schwuchow v. City of Chicago, 68 Ill. 444; Words and Phrases, vol. 8, p. 6807, verbo "Suppress"), and the Legislature might not license any sort of gambling, yet, until it penalizes any given act, there is no law under which its commission may be punished.

### The Federal Constitution.

[5] What we have said above applies with equal force to the contention that the act contravenes the federal Constitution. It applies alike to all persons under the same circumstances and conditions.

For the reasons assigned, the judgment and sentence appealed from are affirmed.

O'NIELL, J., being absent from the state, takes no part in the decision of this case.