RUSSO v. RUSSO

---

(January 17, 1927. Opinion and Decree.)
(January 31, 1927. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Bills and Notes—Par. 43, 214; Payment—Par. 19.

The plea of payment is not inconsistent with the plea that the check was given for an illegal consideration, and where the evidence shows that the check was given in settlement of a bet on a horse race outside of an inclosed race track, the transaction is illegal, and suit to recover on the check will be dismissed, under Act 127 of 1920.

Appeal from First City Court, Section "B". Hon. Val Stentz, Judge.

Action by Victor Russo against Anthony Russo.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Geo. J. Untereiner, of New Orleans, attorney for plaintiff, appellant.

Frank S. Normann, of New Orleans, attorney for defendant, appellee.

JONES, J. This is a suit by Victor Russo against his brother, Anthony Russo, for one hundred and forty-eight and 25-100 dollars ($148.25), the claim being based on check given by the defendant to Sidney Boudreaux for two hundred and fifteen dollars ($215.00), with notes on the check showing payments at different times amounting to sixty-six and 25-100 ($66.25) dollars.

The answer, while admitting the check, pleads payment and also illegal consideration.

The evidence shows that the two brothers were in the habit of making racing bets with Sidney Boudreaux, who was running a book outside of the race track, and that said bets were made through Victor Russo, as Boudreaux allowed him five per cent commission thereon.

Plaintiff swears that he paid the check to Boudreaux, because his brother did not have the money at the time the check was given, but defendant and his stenographer

and Boudreaux himself, who held the check in his possession, and certainly should have first knowledge, swear that the amount was paid back to Victor Russo in installments.

Plaintiff, defendant and Boudreaux all testify check was given to. settle a bet on a horse race made with Boudreaux at his residence, where he operated a handbook.

Although the preponderance of evidence is · clearly in favor of payment, we prefer to base our decision on the ground that the check was given to cover a bet on a horse race made outside the race track, and, therefore, prohibited by Act 127 of 1920.

Plaintiff's attorney objected to all testimony tending to show that check was given to settle a bet on a horse race on the ground that plaintiff had pleaded inconsistently, but the lower court properly overruled this objection.

See Phillips et al. vs. W. T. Adams Mash Co., 52 La. Ann. 443, 27 South. 65.

See Bacher vs. Sheriff, 14 Orl. App. 367. Sampson vs. Whitney, 27 La. Ann. 294. State vs. Mustachia, 152 La. 821, 94 South. 408.

If, from plaintiff's own statement, cause of action appears to arise from a transgression of a positive law of the state, the court will not lend aid. (Schmidt vs. Barker, 17 La. Ann. 261.)