HAWTHORNE, Justice.
 

 John Saia, defendant-appellant, charged in a bill of information with the crime of gambling as defined and denounced by Article 90 of the Louisiana Criminal Code, Act No. 43 of 1942, has appealed to this court from his conviction and sentence to pay a fine of $350 or to serve 30 days in ihe parish prison.
 

 The offense is charged in the bill of information in the following language, to-wit:
 

 “* * * that one JOHN SAIA late of the Parish of Orleans, on the thirtieth day
 
 *438
 
 ■of January in the year of our Lord, one thousand nine hundred and forty-seven with force and arms in the Parish of Orleans aforesaid, and within the jurisdiction of the Criminal District Court for the Parish of Orleans, did unlawfully and intentionally conduct and directly assist in the conducting, as a business, at 1839 Canal Street, of a game, contest, lottery and contrivance,
 
 in that he did encourage, promote and aid divers persons whose names are unto your Assistant District Attorney aforesaid unknown, to bet cmd wager upon the results of running, trotting and pacing horse races, by the operation of a betting book, at a place other than within the track or other enclosure zvhere said horse races took place,
 
 whereby a person risked the loss of a thing of value in order to realize a profit, * * (Italics ours.)
 

 To this bill of information the defendant filed what he terms a motion to strike, in which he contended that the language of the information italicized above should be stricken from the bill of information for the reason that it was unnecessary, beclouded the issue, was redundant and mere surplusage. The trial judge overruled this motion, and Bill of Exception No. 1 was reserved.
 

 We know of no provision in the criminal laws of our state authorizing or permitting a motion to strike, and under the plain provisions of Article 284 of the Code of Criminal Procedure every objection to an indictment shall be taken by demurrer or by motion to quash. However, treating this motion as a demurrer or motion to quash, we think that there is no merit therein, and that the trial judge properly overruled it. The bill of information as drafted sufficiently informed the accused of the nature of the crime with which he was charged in order to enable him to prepare his defense. It is definite and gives every detail of the facts and elements constituting the offense and certainly is a bar to any further prosecution for the offense therein charged.
 

 If the language complained of is redundant and mere surplusage, this fact would be of no avail to defendant-appellant for the reason that Article 240 of the Code of Criminal Procedure provides that all unnecessary allegations in an indictment shall be rejected as surplusage, provided that an offense is charged.
 

 During the course of the trial, the State offered in evidence several books of tickets, which were found by the officers who made the arrest in a locked cage located in a rear room, admittedly not in use, in the establishment where accused was arrested. These books of tickets were identified by the arresting officers as “race horse tickets”, although they were not so marked and nothing was printed thereon to show their nature or identity, and the witnesses admitted that they simply assumed them to be such tickets.
 

 To these offerings defendant objected on the ground that, since there was
 
 *439
 
 no testimony or evidence showing that he had any immediate connection with these tickets and no showing that he was the proprietor- of the establishment, and since the tickets were found in the back room, some 60 feet from where he was standing at the time of his arrest and out of his presence and not in his possession, such evidence was wholly irrelevant and immaterial. These objections, which were overruled by the trial judge, are the substance of Bills of Exceptions Nos. 2 and 3.
 

 In his per curiam the district judge pointed out that defendant admitted to the arresting officers that he was one of the proprietors of the establishment where the arrest took place. The judge further pointed out that at the end of the trial he took the case under advisement and came to the conclusion that this evidence was in truth irrelevant and immaterial, and that he completely disregarded it in arriving at his verdict herein.
 

 We are by no means sure that such evidence was irrelevant and immaterial. The fact that these tickets were found in an establishment of which defendant was admittedly a co-owner may have been relevant to prove the offense charged, which is by its nature a continuing offense, that is, conducting and assisting in conducting, as a business, a game or contest whereby a person risks something of value in order to realize a profit. But, be that as it may, the admission of these tickets in no way prejudiced or injured the accused since they were not considered by the trial judge.
 

 In State v. Cullens, 168 La.
 
 976,
 
 123 So. 645, 648, this court pointed out that it is not every error committed in the lower court which entitles a defendant in a criminal case to a new trial, saying “* * * appeals in criminal cases are not granted merely to test the correctness of the trial judge’s ruling, but oniy to rectify any injury caused thereby.- * * *” See also Article 557, Louisiana Code of Criminal Procedure..
 

 In State v. Davis, 208 La. 954, 23 So.2d 801, a case similar to this one, we held that, if certain tickets were improperly admitted, defendant was not prejudiced thereby for the very reason that they were not taken into consideration by the trial judge in arriving at his verdict.
 

 Bills of Exception Nos. 4 and 5 were reserved to the trial judge’s refusal to strike from the record the entire testimony of three State’s witnesses, these three being all the witnesses called by the State, and. also to strike from the record all “exhibits” (daily racing forms, sport news, etc.) offered by the State in connection with the-testimony of these witnesses, defendant contending that the State had failed to prove the corpus delicti, that is, the body or substance of the crime; or, as further stated in the motion, that the State had failed to show the consummation of any bet if made, and that there was no evidence-
 
 *440
 
 that gambling was conducted as a business, contrary to the provisions of Article 90 of the Criminal Code.
 

 This motion was made at the conclusion of the testimony of the last witness called by the State, and, if the motion had been sustained, it would have been necessary for the trial judge to have discharged the defendant because the effect of sustaining the motion would have been to strike from the record all the testimony and all the exhibits offered by the State.
 

 Insofar as we have been able to ascertain, the Louisiana Code of Criminal Procedure does not provide for any such motion in the trial of a criminal case, but, since defendant-appellant has raised the same objection in his motion for a new trial, we will discuss this objection under these bills.
 

 To us, defendant’s objection is to the effect that there was no legal evidence whatsoever adduced of necessary facts essential to a conviction, or that there was no evidence whatsoever to show that defendant was intentionally conducting or directly assisting in conducting as a business a race horse book whereby a person risked the loss of something of value in order to realize a profit. Defendant contends that not one single act of betting or wagering was proved, and that the testimony of the State’s witnesses does not show that he was directly assisting in the conducting as a business of a race horse book.
 

 Under the provisions of Article VII, Section 10, of the Louisiana Constitution, this court has appellate jurisdiction in criminal cases on questions of law alone, and it is only where there is no evidence at all of some essential element of the crime charged that this court may set aside a verdict for insufficiency of evidence, for under these circumstances a question of law is presented.
 

 The trial judge in his reasons for judgment and supplemental reasons for judgment has very carefully analyzed and weighed all the testimony and all the exhibits offered by the State which were properly admitted in the trial of this case, and after doing so concluded that defendant was guilty of directly aiding and assisting in conducting, as a business, a game, contest, lottery, or contrivance, to-wit, a handbook, where a person risked the loss of something of value in order to realize a profit. After reading all the testimony and examining the exhibits, we are convinced that some legal evidence, although circumstantial, was adduced of the facts essential to a conviction, and therefore, since no question of law is here presented to us, we cannot, under our appellate jurisdiction, pass on the sufficiency of the evidence.
 

 Bill of Exception No. 6 was taken to the overruling of a motion in arrest of judgment. Defendant-appellant contends that the “book-making form of wagering,” or the operation of a handbook, has been
 
 *441
 
 legalized by a special statute, namely, Section 7 of Act No. 276 of 1940, and that this form of gambling is thereby exempted from the provisions of Article 90 of the Louisiana Criminal Code, which defines and denounces the crime of gambling in general terms. He argues, however, that that portion of Act No. 276 of 1940 which purports to make wagering on horse races legal only when confined to certain areas, to be designated, licensed, and authorized by the Louisiana Racing Commission, is unconstitutional for the reason that these regulations and restrictions are discriminatory in their nature, thereby depriving the defendant of the equal protection of the law, in violation of the Fourteenth Amendment of the Constitution of the United States, and are an unreasonable exercise of the police power of the state, in violation of both the Louisiana and Federal Constitutions, and, further, that said act is local or special legislation granting exclusive rights, privileges, and immunities, in violation
 
 oi
 
 Section 4 of Article IV of the Constitution of Louisiana.
 

 Defendant is not'charged in the bill of information with the violation of any of the terms and provisions of Act No. 276 of 1940, but is charged with the crime of gambling as denounced by Article 90 of the Louisiana Criminal Code. We express grave doubt as to whether he has a legal right to attack collaterally Act No. 276 of 1940, but, inasmuch as the State cites no authority to support this proposition and shows in brief filed herein that it relies chiefly on its argument that Section 7 of the statute is constitutional, we shall dispose of this bill on the question of constitutionality.
 

 Act No. 276 of 1940 is an act to provide for and create the Louisiana State Racing Commission for the regulation, licensing, and supervision of horse racing and wagering thereon, and to prescribe its composition, appointment, powers, duties, etc. It must be observed that defendant-appellant in no way attacks the constitutionality of this act insofar as it permits pari-mutuel and the book-making form of wagering on horse races, and on this point we are not called upon to express our opinion. Defendant assumes, as he must under his contention, that that portion of the act which permits wagering on horse racing is constitutional. He contends, however, that the portion of section 7 of said act which provides that only persons receiving a license shall have the privilege of conducting this type of wagering, which shall be restricted to a space within the race meeting grounds, and which makes illegal all other forms of wagering on the results of horse races outside the enclosure where such races shall have been licensed by the commission, is unconstitutional.
 

 Section 7 of Act No. 276 of 1940 reads as • follows :
 

 “Said Racing Commission shall have full power to prescribe rules, regulations and conditions under which all horse races upon
 
 *442
 
 the results of which there shall be wagering, shall be conducted, within' the State of Louisiana. The Commission shall make rules governing, permitting and regulating the wagering on horse races under the form of mutuel wagering by patrons, known as the ‘Pari-Mutuel Wagering’ and the ‘bookmaking form of wagering,’ both of which methods are hereby declared to be legal. Only such persons, associations or corporations receiving a license from the Commission shall have the right or privilege to conduct these types of wagering, and he, it, or they shall restrict and confine these forms of wagering to a space within the race meeting grounds. All other forms of wagering on the result of horse races shall be illegal, and any or all wagering on horse races outside the enclosure, where such races shall have been licensed by the Commission, shall be illegal.”
 

 Act No. 276 of 1940 is statewide in its operation and in no manner makes it mandatory that an enclosure wherein the book-making form of gambling is permitted be restricted to any designated area or place, and is therefore not local in its nature. Any person, firm, or corporation may ■engage in the book-making form of wagering by complying with the terms and provisions of the act and the rules and regulations of the racing commission, such as the payment of licenses, the conducting of such wagering within the race meeting grounds, etc., and the act is therefore not discriminator)' in its nature, for it applies to all persons in the same circumstances and conditions. State v. Mustachia, 152 La. 821, 94 So. 408. See also Louisiana Greyhound Club, Inc. v. Clancy, Sheriff, et al., 167 La. 511, 119 So. 532, affirmed 280 U.S. 525, 50 S.Ct. 87, 74 L.Ed. 593.
 

 The Constitution of Louisiana in plain terms provides that gambling is a vice and the Legislature shall pass laws to suppress it. See Article XIX, Section 8, La.Const. of 1921. Under this mandate of the Constitution, no one could be heard to say that the Legislature, in the exercise of its police power, did not have authority and power to prohibit entirely pari-mutuel wagering or the' book-making form of gambling. This being so, if we concede that the act is discriminatory in confining ■book-making to those who have a license and those who operate within the enclosure of the race meeting grounds, the business which defendant aided or assisted in conducting is not one that demands the consideration accorded to vocations which are necessary or useful to the community or harmless in themselves, and may be discriminated against, such discrimination not being prohibited by the Fourteenth Amendment of the Constitution of the United States. City of Shreveport v. Schulsinger et al., 113 La. 9, 36 So. 870, 2 Ann.Cas. 69.
 

 As stated in Louisiana Greyhound Club, Inc., v. Clancy, Sheriff, et al., supra, the good faith on the part of the Legislature is always presumed, and the universal rule is that, where a law is ep
 
 *443
 
 acted under the exercise or pretended exercise of the police power and appears upon its face to be reasonable and not arbitrary, the burden is upon the party assailing such statute to establish that its provisions are so arbitrary and unreasonable as to bring it within the prohibition of the Fourteenth Amendment of the Federal Constitution.
 

 In the instant case, defendant-appellant does not point out any sufficient reason for us to hold that that portion of Section 7 of. the act which restricts bookmaking to the enclosure of a licensed race track is an unreasonable exercise of the police power of the state, nor does he cite any authority in support of his contention.
 

 We therefore conclude that that portion of Section 7 of Act No. 276 of 1940 which restricts book-making to the enclosure of a licensed race track is not unconstitutional for the reasons advanced by defendant on his assumption that the portion of that section which permits such book-making form of gambling is in itself constitutional.
 

 In the motion in arrest of judgment, in addition to the plea of unconstitutionality, defendant urges other grounds for sustaining the motion. All of these grounds were advanced in the first five bills of exception which we have already discussed, and this motion therefore presents nothing further for our consideration.
 

 Bill No. 7 was reserved to the overruling of a motion for a new trial. This motion was- based' on all the objections made in the other bills of exception and needs no further comment or discussion by this court.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 O’NIELL, C. J., absent.