527 So.2d 1079 (1988)
STATE of Louisiana
v.
David GRIMES.
No. KA 87 1410.
Court of Appeal of Louisiana, First Circuit.
June 21, 1988.
*1080 Abbott Reeves, Asst. Dist. Atty., Donaldsonville, for the State.
Kevin P. Monahan, Baton Rouge, for David Grimes.
Before COVINGTON, SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
Defendant, David Grimes, was charged by bill of information with attempted forcible rape. By a separate bill of information, he was also charged with simple burglary. Pursuant to a plea bargain, the state agreed to amend the bills of information to charge attempted sexual battery, in violation of La.R.S. 14:27 and 14:43.1, and unauthorized entry of an inhabited dwelling, in violation of La.R.S. 14:62.3. The state further agreed that similar charges involving a different victim would not be prosecuted. Thereafter, defendant pled guilty to the amended charges. The trial court imposed a sentence of five years at hard labor for the conviction of attempted sexual battery and a consecutive sentence of six years at hard labor for the conviction of unauthorized entry of an inhabited dwelling. In his only assignment of error, defendant argues that the sentences are excessive.

FACTS
The instant charges arose from an incident that occurred in Prairieville, Louisiana, on May 2, 1986. According to defendant's confession, he entered the victim's home at approximately 8:30 p.m. by removing the screen from an open kitchen window. He took the victim's purse outside and looked through it. Defendant reentered the house through the window and began to search for the victim, who was asleep in her bed. Defendant awakened the victim, held her down, climbed on top of her, and attempted intercourse. The victim was able to persuade him to stop the rape and talk to her. He told her his name and the name of the high school in Baton Rouge that he had attended. Defendant also told the victim the name and location of the trailer park in which he resided. Before leaving the house, defendant retrieved the victim's purse and returned it to her. Defendant then walked home. He was arrested approximately ten days later.
On April 21, 1987, while awaiting trial on these charges, defendant committed a similar burglary and an attempted rape of a woman who lived in a trailer that was on the same street as the trailer he shared with his mother. According to the victim's statement, she was awakened at approximately 5:30 a.m. by a naked man who removed the bedclothes, placed his hand over her mouth, and climbed on top of her. The victim screamed and vigorously fought him; and the intruder eventually grabbed his pants and fled the room. As he struggled into his pants, the victim chased him, carrying a shotgun. The intruder crawled out a window. The victim reported the incident to the police, providing a description of the assailant which closely resembled defendant. The victim also gave the police a wallet which apparently had fallen from the intruder's pocket when he undressed. The wallet contained defendant's *1081 driver's license. He was arrested approximately thirty minutes later. After his arrest, the victim viewed a line-up and positively identified defendant as the perpetrator.

EXCESSIVE SENTENCE
The trial court imposed the maximum sentences statutorily possible. Defendant contends the sentences are excessive because he is a first felony offender, with no history of sexual offenses or burglary. He also submits the sentences are excessive because he has an alcohol abuse problem and is in need of substance abuse treatment. Defendant further claims that the sentences are excessive because no crime was actually committed and the state's cases were very weak. Finally, defendant claims the court's statement that it assumed the victims had suffered serious harm is erroneous in light of the statement by one of the victims that she had not suffered serious harm; and the court was not justified in its beliefs that defendant was in need of correctional treatment and that an undue risk of harm existed that defendant would commit another crime during the period of a suspended sentence or probation.
Initially, we note that it is difficult to reconcile defense counsel's claim that "no actual crime was committed" with defendant's confession in which he admitted that he took the screen off of the victim's open window and entered her home because he saw her purse inside the window, that he took and examined her purse, and that he climbed on top of her and held her down and attempted intercourse. Moreover, during the Boykin examination, defendant specifically admitted to the elements of the amended bills of information by advising the court that he entered the victim's home without authorization and "attempted to touch her genitals with my genitals...." Similarly, in light of defendant's confession, as well as the identification of defendant by both victims (one of whom was able to supply the perpetrator's name because defendant identified himself to her, and the other who was able to identify him through the wallet he left in her home), defense counsel's claim that the state's case was very weak is totally without merit. Moreover, defendant's guilt having been established, the trial court is not required to reweigh the sufficiency of the evidence as a sentencing factor. State v. Harris, 518 So.2d 590 (La.App. 1st Cir. 1987), writ denied, 521 So.2d 1184 (1988).
Defendant also contends that a more lenient sentence was justified in light of his status as a first felony offender and because he had no history of sexual offenses. He also submits that the court was not justified in its beliefs that an undue risk existed that defendant would commit another crime if a suspended or probated sentence were imposed and that defendant was in need of correctional treatment. However, prior criminal activity which the court may consider when sentencing a defendant is not limited to prior convictions. State v. Tate, 506 So.2d 546 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (La.1987). Therefore, although the state agreed not to pursue the charges against the second victim, the court was entitled to consider defendant's arrest for charges arising out of a similar incident within a year of the instant offense, particularly since those charges were dropped in return for defendant's guilty plea to the instant charges. Moreover, the record reflects that, within three months of his arrest on charges stemming from the first incident, defendant was also arrested as a "peeping tom" and additionally charged with simple battery and resisting an officer. In that incident, the court accepted a guilty plea to a charge of simple trespass and sentenced defendant to pay a fine of $150.00 or serve thirty days in jail. Before imposing sentence, the court noted its belief that defendant was, in fact, guilty of the greater charges, despite the fact that he was allowed to enter a plea of guilty to the lesser offenses. Especially in light of defendant's confession, the trial court did not err by considering defendant's guilt of the greater offenses in deciding to impose the maximum penalties. See State v. Lanclos, 419 So.2d 475 (La.1982). The court was clearly justified in its beliefs *1082 that defendant was in need of correctional treatment, and that an undue risk existed that he would commit another offense if a probated or suspended sentence were imposed. Moreover, it is proper for a court to consider the benefits of a reduced penalty exposure which the defendant obtained as the result of a plea bargain. State v. Tuggle, 509 So.2d 118 (La.App. 1st Cir.1987).
Defendant also claims that the court erroneously concluded that the victims "must have" suffered injury in light of the statement of one of the victims that she suffered no physical trauma. In its reasons for sentencing, the trial court noted that "[d]efendant's conduct did not in fact cause serious physical harm to the victim but the Court can only assume that both of the vicitms (sic) in these cases ... must have felt very threatened and fearful for their well-being." Defendant apparently contends that the emotional and psychological damage suffered by the victims and their families should not be considered by the court. However, the court's conclusion that the victims felt threatened and fearful was clearly supported by evidence presented at a hearing conducted after the plea was entered to determine whether or not defendant's bond should be increased or revoked. At that hearing, both of the victims testified that they were terrified by the incident. The first victim provided a written statement in which she stated that she was extremely fearful of defendant, that she believed he was dangerously disturbed, and that she believed he should receive whatever punishment is allowed by law, as well as extensive emotional counseling. The second victim also testified that she feared for her safety because defendant's trailer was located only four lots from her own. She further testified that her eight year old son, who awakened and came into the room as defendant attempted to escape, was also fearful and still talked about the incident. We find, therefore, that the trial court did not err in determining that the victims suffered injury.
Defendant contends that the court failed to consider his problem with alcohol abuse as a mitigating factor. Defendant argues that the court should have imposed substance abuse treatment, rather than incarceration.
During the hearing to revoke defendant's bond, the state claimed that defendant's criminal history included two arrests for driving while intoxicated. At that time, however, defense counsel advised the court that the two charges listed on defendant's "rap sheet" actually related to the same incident. Defendant's mother specifically testified that he was not an alcoholic and did not have a problem with alcohol. Further, according to defendant's mental health records, which were entered into the record, defendant repeatedly denied that he had a substance abuse problem. Thus, although defendant now contends that the incidents were directly related to his abuse of alcohol, this contention is not supported by the record. In its reasons for sentencing, the trial court specifically addressed defendant's claim that he was drunk when he entered the residence of the victim; however, the court found that factor did not excuse or justify his conduct.
Finally, defendant argues that the sentences imposed should have been made concurrent rather than consecutive. Although sentences for two offenses arising from a single course of conduct generally are made concurrent, consecutive sentences are justified when the offender poses an unusual risk to public safety due to his past conduct or repeated criminality; La.C. Cr.P. art. 883. State v. Buie, 477 So.2d 157 (La.App. 1st Cir.1985). As indicated above, defendant was arrested on charges similar to the instant offenses within a year of his arrest for the offenses giving rise to the present convictions. Further, within three months of his initial arrest, defendant was also arrested as a "peeping tom", as well as upon charges of simple battery and resisting arrest. Based upon his past conduct involving sexual offenses, defendant clearly poses a risk to public safety. The trial court's reasons for sentencing justified the imposition of consecutive sentences in this case.
The trial court has wide discretion in the imposition of sentences and a *1083 sentence within statutory guidelines will not be set aside in the absence of an abuse of that discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984). The record reflects that the trial court carefully considered each of the factors listed in La.C.Cr.P. art. 894.1, and addressed each factor in its reasons for sentencing. The court concluded that the nature of the offenses and defendant's criminal history indicated that he should be incarcerated for the longest time possible. The court implicitly found that the maximum sentence should be imposed because defendant was the worst type of offender convicted of these offenses, and that these offenses were the worst type possible. See State v. Buie, 477 So.2d 157 (La.App. 1st Cir.1985). We find no abuse of discretion.
AFFIRMED.