STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

04-667

STATE OF LOUISIANA

VERSUS

ORLON PELOQUIN

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 19310-01
HONORABLE CHARLEY QUIENALTY, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Glenn B. Gremillion and Elizabeth A. Pickett, Judges.

AFFIRMED AND REMANDED
WITH INSTRUCTIONS.

Robert Richard Bryant, Jr.
District Attorney
Cate L. Bartholomew,
Asst. District Attorney
Carla S. Sigler
Asst. District Attorney
1020 Ryan Street
Lake Charles, LA 70602
(337) 437-3400
Counsel for Plaintiff/Appellee
    State of Louisiana

**G. Paul Marx**
**Louisiana Appellate Project**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 237-2537**
**Counsel for Defendant/Appellant**
**Orlon Peloquin**

**Orlon Peloquin**
**CPCC**
**5400 E. Broad St.**
**Lake Charles, LA 70615**
**In Proper Person**
**Orlon Peloquin**

GREMILLION, Judge.___

In this case, the defendant, Orlon Peloquin, was convicted of attempted sexual battery, violations of La.R.S. 14:43.1 and La.R.S. 14:27. He was sentenced to serve five years in the custody of the Department of Corrections without benefit of probation, parole, or suspension of sentence. For the following reasons, we affirm and remand with instructions.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent. Further, in his fourth assignment of error, Defendant claims he could not find where he had been notified of the two-year time period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. The State concedes this issue and we could not locate such notice when we reviewed the record for errors patent. Thus, the trial court is directed to inform Defendant of the provisions of Article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that he received the notice in the record of the proceedings.

## INADMISSIBLE EVIDENCE

In his first assignment of error, Defendant contends the admission of testimony alleging a sexual proposition by the accused was reversible error. He argues that the question or offer testified to did not amount to a crime or attempted crime because the witnesses were not juveniles at the time and no statute prohibits asking questions related to sex. At trial, the State called B.P. as a witness. At that

1

time, Defendant objected to the introduction of evidence by B.P. and K.P., both sisters of A.G., that he approached each of them on separate occasions and asked each of them if they wanted to see his penis. Defendant argued that those acts did not constitute a crime. The State informed the trial court that B.P. gave her statement in 2002, when she was nineteen, and that she probably would have been seventeen at the time of the incident. Additionally, it stated that K.P. gave her statement in 2002, when she was sixteen, making her approximately fourteen at the time of the incident.[1] The State contended that although the acts were not completed, Defendant's actions constituted an attempt to commit obscenity or an attempt to commit indecent behavior with a juvenile. The trial court overruled Defendant's objection.

Both B.P. and K.P. testified that Defendant asked if they wanted to see his penis, but neither of them could remember when these incidents occurred. Louisiana Code of Evidence Article 412.2(A) provides:

> When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another sexual offense may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.

Louisiana Code of Evidence Article 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time."

---

[1] The statements which the State referenced were not introduced into evidence.

The State argued that Defendant committed attempted indecent behavior with a juvenile or attempted obscenity when he asked B.P. and K.P. if they wanted to see his penis. Louisiana Revised Statute 14:81(A) provides:

> Indecent behavior with juveniles is the commission of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense.

Louisiana Revised Statute 14:106(A)(1) provides that obscenity is:

> Exposure of the genitals, pubic hair, anus, vulva, or female breast nipples in any public place or place open to the public view, or in any prison or jail, with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive.

Louisiana Revised Statute 14:27 defines attempt as follows:

> A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.

> B. (1) Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.

In *State v. Smith*, 94-3116 (La. 10/16/95), 661 So.2d 442, the defendant was found guilty of attempted aggravated crime against nature for attempting to commit an act of oral sex upon his son. Both the defendant's sons testified that he entered their bedroom, laid on the victim's bed, and told the victim to sit on his chest so he could suck the victim's penis. In *Smith*, the court cited *State v. Baxley*, 93-2159 (La. 2/28/94), 633 So.2d 142, wherein the defendant's only act was to offer an

3

undercover police officer twenty dollars for oral sex. The supreme court concluded that solicitation of another to commit a crime was only preparatory and not an overt act which would support a conviction for the attempt of the crime solicited. After considering its ruling in *Baxley*, the supreme court in *Smith* concluded that the defendant in *Smith* had the specific intent to commit a crime against nature and did an act tending directly toward accomplishing his goal.

In *State v. Gaspard*, 02-1040 (La.App. 3 Cir. 3/5/03), 841 So.2d 1021, the defendant was convicted of attempted indecent behavior with a juvenile for showing his eleven-year-old son explicit pornographic photos. There was no evidence in the record that the defendant touched, or tried to touch, himself or his son, that there was any suggestion of nudity or physical exposure of any kind by either of them, or that the defendant suggested they engage in any sexual acts. In *Gaspard*, we reviewed *State v. Louviere*, 602 So.2d 1042 (La.App. 4 Cir. 1992), *writ denied*, 610 So.2d 796 (La.1993), where the appellate court reversed the defendant's conviction for attempted indecent behavior with a juvenile. In *Louviere*, our colleagues noted that it would be difficult for a rational trier of fact to conclude that testimony concerning a "bad kiss" proved the occurrence of a lewd and lascivious act. Additionally, there was no indication that any other act was planned. The fourth circuit concluded that without genital contact or any other obscene or indecent act or repeated occurrence, the kiss fell short of the statutory requirements of the crime and reversed the defendant's conviction. After reviewing *Louviere*, we found, in *Gaspard*, that the act at issue was not one contemplated by La.R.S. 14:81. We concluded that assuming there was an act, there was no evidence the defendant did

4

anything upon the person of his son and he did not participate in any lewd acts in the presence of his son. Accordingly, we reversed the defendant's conviction.

The acts of Defendant involving B.P. did not constitute an attempted indecent behavior with a juvenile. B.P. did not testify how old she was when Defendant posed this question to her and the State asserted, in argument to the court, that B.P. was seventeen years old. Accordingly, La.R.S. 14:81 would not be applicable to her. The statute would, however, be applicable to K.P. inasmuch as the State alleged she was fourteen at the time of the incident. Defendant asked K.P. if she wanted to see his penis, she replied no, and walked away. There was no testimony that Defendant did an act in furtherance of revealing his penis to K.P. The question was preparatory and not an overt act similar to that in *Baxley*. Therefore, the evidence did not prove Defendant's acts constituted an attempted indecent behavior with a juvenile.

Further, obscenity does not constitute sexually assaultive behavior or a sex offense. The statute is found in Subpart C of Part VI of Chapter 1 of Title 14 of the Louisiana Revised Statutes. Subpart C is entitled "Offenses Affecting the General Peace and Order." Additionally, a conviction for obscenity does not require the defendant to register as a sex offender. La.R.S. 15:541(14.1). Accordingly, we find that the testimony of B.P. and K.P. was erroneously admitted by the trial court.

**HARMLESS ERROR ANALYSIS**

In *State v. Johnson*, 94-1379 (La. 11/27/95), 664 So.2d 94, the trial court erroneously admitted other crimes evidence introduced by the State to attack the credibility of the defendant under La.Code Evid. art. 609.1. In *Johnson*, the supreme

5

court held "that the introduction of inadmissible other crimes evidence results in a trial error subject to harmless error analysis." *Id*. at 102. In its ruling, the supreme court set out the following regarding the harmless error analysis:

> The history of Louisiana's harmless error rule makes clear that there has been one common directive: appellate courts should not reverse convictions for errors unless the accused's substantial rights have been violated. This comports with the general theory that "appeals in criminal cases are not granted merely to test the correctness of the trial court's ruling, but only to rectify injuries caused thereby." *State v. Saia*, 212 La. 868, 876, 33 So.2d 665, 668 (1947), citing *State v. Cullens*, 168 La. 976, 123 So. 645, 648 (1929).

> This Court adopted the federal test for harmless error announced in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), as a practical guide for determining whether substantial rights of the accused have been violated. *See State v. Gibson*, 391 So.2d 421 (La.1980). *Chapman* tests whether it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." 386 U.S. at 24; 87 S.Ct. at 828. An error did not "contribute" to the verdict when the erroneous trial feature is unimportant in relation to everything else the jury considered on the issue. *Yates v. Evatt*, 500 U.S. 391, 403, 111 S.Ct. 1884, 1893, 114 L.Ed.2d 432 (1991), *overruled as to standard of review for erroneous jury instructions in Estelle v. McGuire*, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

> *Chapman* was refined in *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). The *Sullivan* inquiry "is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error." *Id*., 508 U.S. at ___, 113 S.Ct. at 2081. This Court adopted the *Sullivan* refinement of *Chapman*. *See State v. Code*, 627 So.2d at 1384; *State v. Bourque*, 622 So.2d at 241 fn. 20.

*Id*. at 100.

Having found that the evidence should not have been admitted in this case, we must now conduct a harmless error review. Defendant was convicted of attempted sexual battery which is set forth in La.R.S. 14:43.1(A) as follows:

6

> Sexual battery is the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:
>
> (1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
>
> (2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.

Attempt was defined earlier pursuant to La.R.S. 14:27.

A.G., who was thirteen years old at the time of the offense, was interviewed by Joelyn Doland at the Children's Advocacy Center on November 29, 2000.[2] During that taped interview, A.G. told Doland that while in Defendant's living room, he took off her clothes and then his own and made her watch a "nasty movie." During the movie, A.G. was on the couch and Defendant was standing up and "jacking off." A.G. told Defendant to stop and he put his clothes back on. At some point, A.G. put her shorts back on and then Defendant put a purple popsicle in her "wrong spot." A.G. said that it hurt and she told Defendant to stop. A.G. also told Doland that Defendant never talked to her about sex and had never done anything to her using his mouth, tongue, or hands. A.G. indicated no one else was at Defendant's residence when this occurred.

A.G., who was sixteen years old at the time of trial, testified that while she was in Defendant's living room, he tried to put an orange popsicle in her "wrong spot." A.G. testified that she would not let Defendant touch her with the popsicle.

---

[2] The taped interview was admitted into evidence as State Exhibit 1.

She indicated on direct examination that this occurred on more than one occasion. However, on cross-examination, she testified that Defendant approached her with a popsicle only once. A.G. testified that both she and Defendant had their clothes off. She also testified that Defendant made her take a bath with him, he let his "wrong spot" hang out of his shorts, and asked her to have sex with him. When asked whether Defendant tried to kiss her, A.G. indicated that she would not let him, then she said he did not try to kiss her.

A.S., A.G.'s sister, testified that she and A.G. were singing a song with the following lyrics: "Jimmy's got a girlfriend. We all know where he's been hugging and a kissing." A.S. further testified that A.G. inserted Defendant's name in the song which prompted her to question A.G. A.G. told A.S. that Defendant tried to stick a popsicle in her and the two had watched a "bad movie." On re-direct, A.S. testified that in the past she had eaten a popsicle at Defendant's house.

Peggy Butterfield, Defendant's sister, testified that she lived with him in November 2003, and there were no popsicles in the house at that time.

Defendant denied the allegations. He testified that he picked A.G. up from her home and she spent the night at his house, but he did not take his clothes off and there were no popsicles in his house.

We find that there was sufficient independent, direct, and circumstantial evidence to find Defendant guilty of attempted sexual battery beyond a reasonable doubt notwithstanding the testimony of B.P. and K.P. regarding prior acts by Defendant. Accordingly, this assignment lacks merit.

**EXCESSIVE SENTENCE**

In his second assignment of error, Defendant contends the sentence imposed was excessive, particularly where the evidence was weak and he had no prior record. The record does not indicate that Defendant filed a motion to reconsider sentence nor does it indicate that he orally objected to the sentence at the sentencing hearing. According to La.Code Crim.P. art. 881.1, a defendant has thirty days following the imposition of sentence to make or file a motion to reconsider sentence. It further states that failure to make or file a motion to reconsider sentence precludes a defendant from raising, on appeal, any objection to the sentence. When the record does not indicate that any objection was made regarding sentencing, the defendant is precluded from appealing his sentence. *State v. Williams*, 01-0998 (La.App. 3 Cir. 2/6/02), 815 So.2d 908, *writ denied*, 02-0578 (La. 1/31/03), 836 So.2d 59.

We note that Defendant's excessive sentence claim is barred pursuant to Article 881.1, however, we will review his sentence for bare excessiveness in the interest of justice. *State v. Graves*, 01-0156 (La.App. 3 Cir. 10/3/01), 798 So.2d 1090, *writ denied*, 02-0029 (La. 10/14/02), 827 So.2d 420.

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad

9

discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

The fifth circuit, in [*State v.*] *Lisotta*, [98-646 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57,] 58, [98-648, *writ denied,* 99-0433 (La. 6/25/99), 745 So.2d 1183] stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

1. The nature of the crime,

2. The nature and background of the offender, and

3. The sentence imposed for similar crimes by the same court and other courts.

*State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59.

Defendant was convicted of attempted sexual battery and sentenced to serve the maximum sentence, five years at hard labor without benefit of probation, parole, or suspension of sentence.

At sentencing the trial court stated:

[W]hat you did is as bad as it gets. Well, now it can get worse, but it's so close to being the absolute worst in depravity that it just well be.

Compounding this, you were the godfather . . . . It's a privilege and a responsibility that requires a lot of reflection and dedication because it's a spiritual position not a physical. It's one where someone accepts the responsibility to see that the godchild is educated in the knowledge of God and his son, Jesus.

I don't know of any responsibility heavier than that. Instead, you used that position and that association to morally corrupt in a depraved manner. And then to make it even worse, not only was she a little baby girl, in my opinion, even though she was up in age somewhat, but she was retarded . . . .

So, I have -- I have no problems, whatsoever, sir, in giving you the maximum that I can . . . . So instead of ten, the maximum is five. So, I sentence you to five years DOC.

In *State v. Barling*, 00-1241, 01-1591 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, *writ denied*, 01-0838 (La. 2/1/02), 808 So.2d 331, we held that the defendant's maximum sentence for attempted sexual battery was not excessive in light of the record. The defendant had previously pled guilty to indecent behavior with a juvenile. In *State v. Wilson*, 561 So.2d 889 (La.App. 2 Cir. 1990), the court held that the maximum sentence was not excessive to punish a nineteen-year-old defendant for attempted sexual battery of an elderly, medicated victim who was in the hospital. The defendant had an extensive juvenile record, admitted that he had a sexual problem, admitted that he intended to rape the victim, and struck the victim in the eye. In *State v. Grimes*, 527 So.2d 1079 (La.App. 1 Cir.), *writ denied*, 533 So.2d 15 (La. 1988), the court held that the maximum sentence for attempted sexual battery was not excessive even though the defendant was a first offender with no history of sexual offenses. The appellate court specifically found the defendant, who broke into the victim's home and attempted to have intercourse with her, was the worst type of offender and the offense committed by the defendant was the worst type possible.

Defendant in this case abused his position as A.G.'s godfather and committed the acts described herein upon a child that the trial court considered retarded. The trial court found that Defendant committed the worst type of offense. "The jurisprudence indicates that maximum, or nearly maximum, terms of imprisonment may not be excessive when the defendant has exploited a position of trust to commit sexual battery or indecent behavior with a juvenile. *State v. Badeaux*, 01-406, p. 8 (La.App. 5th Cir.9/25/01), 798 So.2d 234, 239." *State v. Kirsch*, 02-0993, p. 8 (La.App. 1 Cir. 12/20/02), 836 So.2d 390, 395, *writ denied*, 03-0238 (La.

11

9/5/03), 852 So.2d 1024. In that light, Defendant's sentence is not excessive. Accordingly, this assignment of error lacks merit.

## CONFIDENTIALLY OF CRIME VICTIMS

In his third assignment of error, Defendant contends the record of this case is in violation of La.R.S. 46:1844(W) in that the name of the minor victim has not been properly redacted from the public record.

Louisiana Revised Statute 46:1844(W) provides, in pertinent part, as follows:

> Confidentiality of crime victims who are minors and victims of sex offenses.
>
> (1)(a) In order to protect the identity and provide for the safety and welfare of crime victims who are minors under the age of eighteen years and of victims of sex offenses, all public officials, officers, and public agencies, including, but not limited to all law enforcement agencies, sheriffs, district attorneys, judicial officers, clerks of court, the Crime Victims Reparations Board, and the Department of Social Services or any division thereof, shall not publicly disclose the name, address, or identity of crime victims who at the time of the commission of the offense are minors under eighteen years of age or of victims of sex offenses. The confidentiality of the identity of the victim of a sex offense may be waived by the victim.

We are in compliance with the statute in that the record has been marked confidential and is not open for general inspection. Defendant has not asked for relief regarding this issue and is not entitled to relief inasmuch as his substantial rights have not been affected. La.Code Crim.P. art. 921. Accordingly, this assignment of error has no merit.

## CONCLUSION

Defendant's conviction and sentence are affirmed. However, the trial court is directed to inform Defendant of the provisions of La.Code Crim.P. art. 930.8

12

by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that he received the notice in the record of the proceedings.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**