^LOBRANO, Judge.
Christopher Johnson, defendant/appellant, was charged with nine counts of armed robbery. He pled not guilty to all charges; charges one through five and count eight proceeded to jury trial, where he was found guilty of all charges. Defendant was originally sentenced to fifteen years at hard labor without benefit of parole, probation or suspension of sentence on each count; however, the State then filed a multiple bill. The court found him to be a fourth offender as to count one, and imposed a life sentence. Defendant perfects this appeal.
On the evening of August 29, 1993, three men with bandannas and guns burst into A Drop of Flavor Lounge located at 2512 St. Bernard Avenue, next door to a Church’s Fried Chicken outlet. The men ordered everyone to lie on the floor. One man stayed near the door and gave orders to the other two men. One of those men, described as a stocky man, collected wallets from the customers. The remaining man, described as small and young, jumped behind the counter and put a gun to the head of Sharol Burks, the owner of the bar. The young man opened the register and removed its contents, which Ms. Burks estimated included approximately $200.00. Neither Ms. Burks nor Wayne Benjamin, a customer whose wallet was taken by the robbers, could identify any of the perpetrators.
¡¡On the evening of August 31, 1993, a man with a gun and wearing a mask entered Bigham’s Bar and Restaurant located at Frenchmen and N. Villere Streets. The man ordered everyone to lie on the floor, and then two more armed men entered. One of the newcomers jumped over the bar and put a gun to the head of Louise Hudson, the barmaid and cashier. At the robbers’ commands, Ms. Hudson emptied the contents of the register into a bag, and then the man took her into the back room, where she stayed until the men left. The men also took her purse. The remaining man passed among the customers and collected their wal *1029 lets and other items. Mr. Percy Bigham, the owner of the bar, testified the perpetrators also took four or five half-pints of Jack Daniels and four rolls of quarters from the bar and currency and a beeper from him before leaving. Bigham, Ms. Hudson, and Ellis Brown, a customer whose wallet was stolen, could not identify the perpetrators. However, William Walker, another customer whose wallet and jewelry were stolen, positively identified the defendant Christopher Johnson at trial as the robber who jumped over the bar and told Ms. Hudson to empty the register.
Based upon information received, the police obtained an arrest warrant for Christopher Johnson, and he surrendered on September 9, 1993. Johnson then gave a statement wherein he admitted participating in the robbery of the bar on St. Bernard Avenue and insisted he only drove the car to the robbery of Bigham’s. Johnson also accompanied officers on a tour of the places wherein he participated in robberies, among which were Bigham’s and A Drop of Flavor Lounge.
A review of the record for error patent reveals there are none. In his sole assignment of error, defendant contends the trial court erred by denying his motion for mistrial which was based upon references by a police officer to the defendant’s confession to an armed robbery for which he was not charged in this case.
_jAt his arrest, the defendant gave a statement wherein he admitted to participating to some extent in both robberies. In order to introduce this statement, the State called one of the officers who was present when the statement was given, and the prosecutor had him read the statement aloud to the jury. The transcript seems to indicate the jury was also given copies of the statement to read along, and it appears those copies (one of which is included in the record) had the references to other possible robberies excised. However, the copy given to the officer apparently did not have these deletions because he testified from his copy as follows:
the following is the statement of one Christopher Johnson ... this statement is being taken in regards to his knowledge of the armed robberies that occurred at the Club Rebirth Lounge, located at 2629 North Galvez Street, on Wednesday, August 25, 1993 at 3:00 a.m.
The defendant was not charged with robberies at the Club Rebirth; he was charged with robbing various people at A Drop of Flavor Lounge on St. Bernard Avenue on August 29, 1993 and Bigham’s Bar and Restaurant on August 31, 1993. However, defense counsel did not object to this reference. As the officer continued reading from the statement, the following was recited to the jury:
I’m going to again read to you those rights. You are under arrest for robbery. The possibility of your participation in other crimes is also under investigation.
Defense counsel immediately objected to this statement and requested a mistrial. The court denied the mistrial, reminding the jury:
the only charges brought against Mr. Johnson are the eight charges that were read to you by the clerk at the beginning of the trial. That is (sic) the only charges that you should consider pertinent to this particular trial. The Court will remind you of that at the conclusion of the trial. Those are the only incidents that Mr. Johnson is here on trial for. Alright, let’s go forward. Disregard any statements that eludes (sic) to the fact that there were hsome other charges, the only charges that Mr. Johnson is defended. against are the eight counts of the Bill of Information read to you at the start of the trial.
MS. CARTER (the prosecutor):
I believe what he is talking about, Judge is there is (sic) two different separate bars that they were talking about at the time—
MR. JENKINS (defense counsel):
Judge, the record speaks for itself—
THE COURT:
Let’s finish with the statement.
MS. CARTER:
And the bill of information reflects that.
The court mistakenly noted the defendant was being tried for eight counts, not six, but the judge later acknowledged the error by stating there were eight counts.
*1030 The officer continued reading the statement wherein the defendant admitted actively participating in the robberies of the bar “by the Church’s on Saint Bernard” and only driving the car for “all the rest of them”. The officer then read the following statement of the interrogating officer:
Detectives Patrolia, Kuhn and Flot transported you to the Lower Ninth Ward Area; once in the area you gave us directions to the bar rooms that were robbed and you participated in, you pointed out the following bar rooms: Flavors, located at 2512 Saint Bernard Avenue, Bigham’s located at 1400 Frenchman (sic) Street, Avenue Bar, located at 1939 Franklin Avenue.
At that point, the prosecutor indicated no more of the statement was to be read, and simultaneously defense counsel again objected and moved for a mistrial. The court then stated:
Some reference [was] made by the detective in some earlier testimony that they were investigating robberies at pother locations which this defendant has not been charged. I would like to remind you that the only charges that Mr. Johnson stands trial for are the eight charges that I read to you at the beginning of the trial. Police Officers investigate a lot of matters, but I want you to understand that the defendant is not charged with robbing Avenue Bar, located at 1939 Franklin Avenue or the Club Rebirth Bar, located at 2629 North Galvez Street, is that it Miss Carter?
MS. CARTER:
That’s it, Judge.
THE COURT:
So any mention of those two locations — I don’t want to have any implications that Mr. Johnson has been charged with those robberies at those locations. Okay, let’s go forward. I stand corrected, there is only six charges not eight that were read to you at the beginning of the trial Let’s go forward.
The defendant concedes that ordinarily he would not have been entitled to an automatic mistrial under La.C.Cr.P. art. 770 because the person who referred to these other crimes was not an officer of the court. By its terms, art. 770 is limited to situations where a court official refers directly or indirectly to, among other things, “[a]nother crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.” Art. 770(2). However, courts have found that a witness’ reference to other inadmissible crimes may fall within art. 770(2) if the prosecution solicits the comment or if the comment is nonresponsive to the prosecutor’s question and if there is a pattern of such nonresponsive answers by the witness. See, State v. Nicholson, 96-2110 (La.App. 4 Cir. 11/26/97), 703 So.2d 173, writ den. 98-0014 (La.5/1/98), - So.2d -, 1998 WL 234690.
Defendant argues the officer’s testimony is imputable to the State and thus falls within the scope of the “mandatory mistrial language” of article 770(2). We disagree.
[Even if we assume that the officer’s testimony is imputable to the State, a mistrial is not automatic. While the article is couched in “mandatory mistrial” language, the Louisiana Supreme Court, in State v. Silas Johnson, 94-1379 (La.11/27/95), 664 So.2d 94, held that article 770 is a rule of trial procedure and thus is subject to the harmless error analysis. The court concluded that Code of Criminal Procedure article 921 provides the proper scope for appellate review; i.e. a judgment or ruling shall not be reversed due to error unless the error affects substantial rights of the accused.
The defendant argues such error was not harmless in this case because the only evidence linking him to the robberies at A Drop of Flavor Bar was his confession, and only one witness out of four who testified at trial identified him as one of the robbers of Big-ham’s Bar. He points to the fact that the jury could not reach a verdict after deliberating for three hours and that the statement itself notes that he was illiterate. He maintains the admission of testimony concerning at least two other, unrelated robberies unduly prejudiced him and must have contributed to the jury’s verdicts.
Although he objected at trial to the use of his statement, he does not now argue that it was involuntary and thus unreliable. In his statement, defendant admits he actively participated in the Drop of Flavor Bar robbery *1031 and he admits at least to driving the car for the robbery of Bigham’s Bar. In addition, one of the victims at Bigham’s positively identified him as one of the perpetrators.
We are satisfied that the inadvertent references of “other crimes” did not contribute to defendant’s conviction in light of the other evidence of his guilt. We conclude beyond a reasonable doubt that the jury reached its verdict based on the evidence properly introduced at trial. See, Yates v. Evatt, 500 U.S. 391, 111 S.Ct. 1884, 114 L.Ed.2d 432 (1991). The validity of defendant’s confession was examined during trial and the jury undoubtedly gave weight to his statement of guilt and the witness’s identification.
For the reasons assigned, defendant’s conviction and sentence are affirmed.
AFFIRMED.