CALOGERO, Chief Justice,
dissenting and assigning reasons.
11 The majority holds that the placing of prior crimes in a bill of information is a trial error, as opposed to a structural error, and therefore subject to harmless error review. I respectfully dissent from this holding.
As this Court explained in State v. Langley, a structural error is one which “impacts the entire framework of the trial from beginning to end, without reference to any other trial consideration.” 06-1041, pp. 12-13 (La.5/22/07), 958 So.2d 1160, 1168. A Skipper violation[1] taints the entire trial in just this way. There is simply no way to un-ring the bell once the jury has been told the defendant was previously convicted of a similar crime for which he is currently being tried. How one can purport to make a retroactive determination that this disclosure was of no moment escapes me. From the moment the jury is read the charges, it will have in its mind the knowledge that the defendant has committed this crime before. To allow such a slant to be placed on the jury before even the first iota of evidence is introduced is untenable.
The Louisiana Constitution establishes a defendant’s right to a fair trial, |2stating, “[ejvery person charged with a crime is presumed innocent until proven guilty and entitled to a speedy, public, and impartial trial .... ” La. Const, art. I, § 16 (empha *175 sis added). Applying harmless error review to these violations flies in the face of this constitutional presumption of innocence and entitlement to an impartial trial. The defendant’s presumption of innocence will likely be dealt a mortal blow even before opening arguments commence, casting grave doubt on any impartiality the resulting trial may claim to exercise.
I recognize that there are times when evidence of past crimes are admissible at trial, and that occurred in this case. See La.Code Evid. art. 404(B). Furthermore, I recognize that this Court has held that where evidence of past crimes was improperly admitted into evidence, the error is a trial error subject to harmless error review. See State v. Johnson, 94-1379, (La.11/27/95), 664 So.2d 94, 102. However, the defect created by a Skipper violation is not analogous to the sort of error reviewed by the Johnson Court. As the Johnson Court explained, a trial error “may be quantitatively assessed in the context of the other evidence to determine whether its admission at trial is harmless beyond a reasonable doubt.” Id. at 100-01. However, when a past crime is included in a bill of information, there is nothing to quantify. The jury’s mind is simply tainted at the outset, and to what degree its judgment is swayed is unknowable. As opposed to when past crimes, wrongs, or bad acts are introduced for a specific purpose under La.Code Evid. art. 404(B), there are no limiting instructions delivered with the reading of a bill of information.[2] As it hears the bill of information, the jury is not contemporaneously reminded by the judge that the jury is only supposed to consider the fact that the defendant has previously committed this [acrime if it first concludes that he or she committed this crime. It is simply left with the knowledge that this defendant previously has committed this exact crime. The timing of this disclosure (the start of trial), its unfiltered context, and its prejudicial message certainly “impact[ ] the entire framework of the trial from beginning to end, without reference to any other trial consideration.” Langley, 06-1041, pp. 12-13, 968 So.2d at 1168.
It is my opinion that the majority should quash the entire bill of information, vacate the defendant’s convictions under La.Rev. Stat. § 40:983(A)(3) and 40:982, and remand the case to the trial court so that the state may charge anew.

. Recall that this Court held in State v. Skipper that the trial court properly granted the defendant's motion to quash the bill of information when the state placed an allegation of a similar prior offense in the bill of information so that it may seek an enhanced sentence for a multiple offender pursuant to La.Rev. Stat. § 40:982. 04-2137, pp. 25-26, (La.6/25/05), 906 So.2d 399, 417.

. As this Court mandated in State v. Prieur, when evidence of past crimes is introduced to the jury, the defendant may request that the court contemporaneously instruct the jury as to the limited purpose for which the evidence is received. 284 Ala. 613, 227 So.2d 126, 130.