Judgment rendered November 16, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,590-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JOHN F. CHATMAN                             Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 345,636

Honorable Ramona L. Emanuel, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Peggy J. Sullivan


JOHN F. CHATMAN                        Pro Se


JAMES E. STEWART, SR.                  Counsel for Appellee
District Attorney


REBECCA A. EDWARDS
SAMUEL S. CRICHTON
NANCY F. BERGER-SCHNEIDER
Assistant District Attorneys

* * * * *

Before STEPHENS, THOMPSON, and HUNTER, JJ.

**HUNTER, J**.

The defendant, John Chatman, was charged by bill of indictment with second degree murder, a violation of La. R.S. 14:30.1. After a jury trial, defendant was found guilty as charged by a unanimous verdict. The trial court imposed the mandatory sentence of life imprisonment without benefit of parole, probation or suspension of sentence and denied defendant's motions for reconsideration of sentence. Defendant appeals his conviction, alleging the trial court should have allowed the jury to hear his entire statement to police. For the following reasons, we affirm.

### FACTS

The record shows on December 16, 2016, Shreveport police responded to Kings Highway to investigate a shooting. At the scene, police found the victim, Donald Young, who had been shot in the chest while in a vehicle traveling on Interstate 49, according to a witness. Young was transported to a hospital where he later died as a result of his injury.

On December 18, 2016, defendant's parents reported to police that he had said he was involved in the shooting. They also told police defendant had been recently treated at Brentwood Hospital for mental health issues. When questioned by police, defendant stated he was riding in a pickup truck on the Interstate before the shooting. He told police he had fired an AK-47 rifle at another vehicle which he believed was trying to block his path on the highway. During the interview, defendant stated the staff at Brentwood told him he hears and sees things which are not there. Defendant was arrested and charged with second degree murder.

In October 2017, the state moved for the appointment of a sanity commission and the trial court appointed Dr. Marc Colon and Dr. Todd

Lobrano. After evaluating defendant's mental condition, both doctors opined defendant was competent to assist in his defense. In March 2018, the trial court concluded defendant was competent to proceed to trial. In May 2018, defendant moved to change his plea to not guilty and not guilty by reason of insanity alleging that medical records from Brentwood and University Health Center indicated defendant suffered from psychosis or paranoia. The trial court then ordered a re-evaluation by Dr. Colon and Dr. Lobrano, who opined defendant was able to distinguish right from wrong at the time of the offense and could assist in his defense. In November 2018, the trial court again found defendant was competent to proceed to trial.

At a hearing in June 2020, defense counsel advised the trial court defendant wished to change his insanity plea to a not guilty plea against the advice of his attorney. In May 2021, several days before trial, the state filed a motion in limine to prohibit the defense from presenting any evidence regarding defendant's mental health condition. At the hearing on whether defendant's statement to police was free and voluntary, defense counsel stipulated to the state's motion in limine. The state advised the trial court a redacted recording of defendant's statement would be played for the jury.

Despite the stipulation, on the day trial began defendant filed a motion in limine seeking to require the state to use the entirety of his statement to police. The trial court denied defendant's motion and allowed the use of a redacted version of his statement at trial. After hearing the evidence, the jury found defendant guilty of second degree murder. The trial court sentenced defendant to life imprisonment without benefit of parole, probation or suspension of sentence and denied defendant's motions for reconsideration of sentence. This appeal followed.

## DISCUSSION

The defendant contends the trial court erred in denying his motion to present his entire statement to police at trial. Defendant argues he was entitled to have his statement presented in its entirety to the jury because the state sought to use the statement against him.

Every admission or confession sought to be used against anyone must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation which the whole statement may afford. La. R.S. 15:450. If the state introduces portions of a defendant's pretrial statement, then defendant is entitled to have the remaining portions admitted so the jury is not misled as to the statement's true nature. *State v. Crow*, 52,817 (La. App. 2 Cir. 6/26/19), 278 So. 3d 416. The purpose of this statute is to ensure completeness. *State v. Manning*, 44,403 (La. App. 2 Cir. 6/24/09), 15 So. 3d 1204.

When a defendant is tried on a plea of "not guilty," evidence of insanity or mental defect at the time of the offense shall not be admissible. La. C.Cr.P. art. 651. A defendant may introduce evidence during the trial concerning the circumstances surrounding the making of the confession or statement for the purpose of enabling the jury to determine the weight to be given to the statement. La. C.Cr.P. art. 703(G); *State v. Blank*, 04-0204 (La. 4/11/07), 955 So. 2d 90.

In the present case, the state sought to use a portion of defendant's pretrial statement against him. Although the state asserts the portions of the statement related to defendant's mental health are inadmissible under Article 651, defendant is entitled to show the circumstances surrounding his confession to enable the jury to determine the weight to give the confession.

3

Pursuant to R.S. 15:450, where the state introduces portions of a defendant's pretrial statement against him, defendant is entitled to have the remaining portions admitted into evidence so the jury is not misled as to the statement's true meaning. Thus, after reviewing this record and the applicable law, we find the trial court erred in preventing the jury from hearing the entirety of defendant's statement.

However, the trial court's erroneous exclusion of this evidence is subject to the harmless error standard of review. *State v. Blank, supra*. In *State v. Johnson*, 94-1379 (La. 11/27/95), 664 So.2d 94, the supreme court stated Louisiana's harmless error rule is based on the view that appellate courts should not reverse convictions for errors unless the accused's substantial rights have been violated. The Louisiana Supreme Court adopted the federal test for harmless error announced in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) to determine whether substantial rights of the accused have been violated. In *Chapman*, the court stated an error is harmless if it did not contribute to the verdict, meaning the trial error was not important in relation to the other evidence considered by the jury. *State v. Johnson, supra*.

The *Chapman* standard was later refined in *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). In *Sullivan*, the court stated the harmless error inquiry is whether the guilty verdict actually rendered in this trial is surely unattributable to the error. The Louisiana Supreme Court has adopted this inquiry. *Johnson, supra*. In addition, Louisiana courts recognize a distinction between "trial errors," which may be reviewed for harmless error, and "structural errors," which are not subject to harmless error analysis. *Johnson, supra*. Trial error occurs during the

4

presentation of the case to the trier of fact and may be assessed in the context of the other evidence presented to determine whether the error is harmless beyond a reasonable doubt. *Johnson, supra.*

In contrast, a structural error is a defect affecting the framework within which the trial proceeds, rather than an error in the trial process itself. *State v. Ruiz*, 06-1755 (La. 4/11/07), 955 So. 2d 81. In *Ruiz*, the supreme court stated a reversible error occurs when such a structural error renders a trial fundamentally unfair. Structural errors deprive a defendant of basic protections without which a criminal trial cannot reliably serve its function to determine guilt or innocence. *State v. Ruiz, supra.*

The courts have restrictively defined structural defects to include the complete denial of the right to counsel; adjudication by a biased judge; unlawful exclusion of grand jurors of defendant's race; denial of self-representation at trial; denial of a public trial; and a defective jury instruction regarding guilt beyond a reasonable doubt. *Ruiz, supra.*

The present case does not involve a structural error requiring reversal noted above. The Louisiana Supreme Court previously considered the defendant's right to introduce the entirety of a statement sought to be used against him in *Blank, supra.* In *Blank*, the court stated that given the statutory and constitutional guarantees entitling a defendant to present evidence to support a claim his confession is unreliable, the trial court erred in excluding the entirety of defendant's custodial statement. However, the court expressly stated the erroneous exclusion of portions of defendant's pretrial statement is subject to the harmless error standard of review. *Blank, supra.*

Based on the cases of *Blank*, *Ruiz* and *Johnson*, the trial court's denial of defendant's right under R.S. 15:450 to have his entire statement played for the trier of fact is a trial error, which occurred during presentation of the case to the jury and which may be assessed in the context of the other evidence presented at trial. Consequently, the trial court's erroneous failure to allow defendant to introduce his entire pretrial statement is subject to a harmless error analysis.

Applying the harmless error analysis in this case means considering the error of declining to play the entirety of defendant's statement to police in context with the other evidence presented at trial. Here, the other evidence includes shell casings found in the victim's vehicle from the same type of rifle used by defendant along with his admission to firing the rifle at the victim, who died from his wounds. Thus, there was no showing the omitted portions of defendant's statement would have made a difference in the outcome of the trial in light of the other evidence of guilt.

Considering the totality of the evidence presented at trial, we are constrained to conclude the jury's guilty verdict in this case cannot be attributed to the trial court's error in excluding portions of defendant's statement. Consequently, this error was harmless beyond a reasonable doubt. The assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, the defendant's conviction and sentence are affirmed.

**AFFIRMED.**