STATE OF LOUISIANA

VERSUS

JARRELL NEAL

NO. 25-K-23

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

February 24, 2025

Morgan Naquin
Deputy Clerk

**IN RE** JARRELL NEAL

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JACQUELINE F. MALONEY, DIVISION "D", NUMBER 23-4811

---

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Marc E. Johnson

**WRIT DENIED**

Relator, Jarrell Neal, seeks this Court's supervisory review of the trial court's ruling which granted the State of Louisiana's motion to admit evidence under La. C.E. art. 404(B) at relator's upcoming trial for two counts of second degree murder. For the following reasons, we find no abuse of discretion in the trial court's ruling, and thus deny the writ application.

## FACTS AND PROCEDURAL HISTORY

For purposes of background, on May 21, 1998, a Jefferson Parish Grand Jury indicted relator (Jarrell Neal), his older half-brother (Zannie Neal), and their uncle (Arthur Darby), with two counts of first degree murder in violation of La. R.S. 14:30.[1] On February 27, 1999, a jury found relator guilty of two counts of

---

[1] The trial court severed the brothers' cases; *see State v. Neal*, 796 So.2d at 652. *See* Uniform Rules, Court of Appeal–Rule 2-1.14, which states, "Any record lodged in this court may, with leave of court, be used without necessity of duplication, in any other case on appeal or on writ."

first degree murder, and after a sentencing hearing, the jury returned with a death recommendation on both counts. The Louisiana Supreme Court affirmed relator's convictions and sentences on June 29, 2001. *State v. Neal*, 00-674 (La. 6/29/01), 796 So.2d 649, 652-54, *cert. denied*, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002). However, on May 20, 2022, relator's writ of habeas corpus was granted in federal court on grounds of trial and post-conviction counsels' ineffectiveness, and his convictions and sentences were ordered to be set aside. *Neal v. Vannoy*, 603 F.Supp.3d 310 (E.D. La. 2022). On October 12, 2023, a Jefferson Parish Grand Jury returned an indictment charging relator with two counts of second degree murder in violation of La. R.S. 14:30.1.

On September 20, 2024, the State filed a Notice of Intent to Introduce Evidence Under La. C.E. Article 404(B), seeking to introduce evidence of a prior incident, occurring in 1996, involving relator and his brother that resulted in a conviction. The State also sought to introduce a transcript of relator's prior "note of evidence" from 1996.

The State argued that evidence from the 1996 incident was admissible under La. C.E. art. 404(B) to show motive, opportunity, plan, and absence of mistake. It contended that the narcotics evidence demonstrated relator's involvement in drug distribution, the alleged motive for the homicides, while the firearms evidence, including an AK-47-style rifle and ammunition, showed his access to a weapon similar to the murder weapon. The State also asserted that relator's explanation during the 1996 case—that someone handed him incriminating evidence—mirrored his defense in the first trial of this case, making the evidence relevant to assess his credibility. Additionally, the State argued the evidence was more

As for Arthur Darby, in exchange for his testimony in both brothers' cases, *see Neal*, 796 So.2d at 652, on December 1, 1999, he pled guilty to two counts of manslaughter in violation of La. R.S. 14:31 and was sentenced to twenty years imprisonment on each count to run concurrently.

probative than prejudicial and emphasized that remoteness affects weight, not admissibility. To support its position, the State cited *State v. Joseph*, 16-349 (La. App. 5 Cir. 12/14/16), 208 So.3d 1036, *writ denied*, 17-77 (La. 4/7/17), 218 So.3d 109, and *State v. Everett*, 11-714 (La. App. 4 Cir. 6/13/12), 96 So.3d 605, 632-33, *writs denied*, 12-1593, 12-1610 (La. 2/8/13), 108 So.3d 77.

Relator filed an Objection to State's 404(B) Notice and Incorporated Motion in Limine to Exclude Irrelevant "Bad Acts" Evidence. He argued that the State broadly seeks to introduce evidence related to the 1996 incident at his trial for second degree murder. He maintained that the evidence is unrelated to the charged offense, has no bearing on any fact at issue, and is unnecessary to the State's narrative, warranting its exclusion. He provided that the State emphasized one aspect of the 1999 trial defense, where he claimed to have been in the car during the crime, unaware of the homicides, until his uncle returned to the car and handed him a Norinco MAK-90 rifle. Relator contended that the State did not establish a connection between that theory and his arrest years earlier for possession of a different weapon, in a different jurisdiction, for unrelated crimes with no victims.

A hearing was held on the State's notice of intent on November 15, 2024. On the same day, the trial court granted the State's notice of intent regarding evidence of relator's prior drug conviction and related facts, evidence of relator's prior possession of a Norinco AK-47 assault rifle, its ammunition, and magazine, as well as relator's "prior note of evidence." The trial court ruled that evidence of relator's prior drug conviction, possession of a Norinco AK-47 rifle, ammunition, and magazine, as well as his prior "notice of evidence," was admissible. The court found this evidence probative of motive, plan, and opportunity, outweighing any prejudicial effect.

Relator argues herein that the trial court erred in admitting evidence from the 1996 incident, asserting it is irrelevant, cumulative, and highly prejudicial. He

maintains that the firearm found in 1996 was different in make and model from the murder weapon and that the incidents were separated by two years and a prison term, negating any continuity or opportunity. He contends that mere proximity to an unrelated firearm years earlier does not establish possession of the murder weapon and improperly suggests a criminal propensity. Additionally, he challenges the admissibility of his 1996 drug arrest, arguing it is unrelated to proving motive, plan, or opportunity in the 1998 homicides. He asserts that the two incidents are distinct and that the State's reliance on this evidence to corroborate a drug debt motive is improper under La. C.E. art. 404(B). Lastly, he opposes the admission of his 1996 "notice of evidence," contending it is premature and irrelevant, as it is being used to rebut a defense theory not yet presented.

## ANALYSIS

Generally, evidence of other crimes or bad acts committed by a criminal defendant is not admissible at trial. *State v. Neveaux*, 23-477 (La. App. 5 Cir. 11/10/23), 377 So.3d 749, 757, *writ denied*, 23-1633 (La. 3/12/24), 381 So.3d 56. Courts may not admit evidence of other crimes, wrongs, or acts of a criminal defendant in order to show that the defendant is a person of bad character who has acted in conformity therewith. La. C.E. art. 404(B); *State v. Hardy*, 14-1569 (La. 11/21/14), 154 So.3d 537, 538. However, when evidence of other crimes tends to prove a material issue and has independent relevance other than to show that the defendant is of bad character, it may be admitted by certain statutory and jurisprudential exceptions to this rule. *State v. Jenkins*, 18-645 (La. App. 5 Cir. 4/3/19), 267 So.3d 203, 207, *writ denied*, 19-1223 (La. 10/21/19), 280 So.3d 1169. The State may introduce evidence of other crimes, wrongs, or acts if it establishes an independent and relevant reason for its admissibility, such as to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. La. C.E. art. 404(B); *Hardy*, *supra*. The evidence must tend to prove

a material fact at issue or to rebut a defendant's defense. *State v. Martin*, 377 So.2d 259, 263 (La. 1979).

The fact that the other acts or crimes happened some time before the offense for which defendant is on trial is not sufficient, in and of itself, to require the exclusion of the evidence. *State v. Guidroz*, 98-377 (La. App. 5 Cir. 10/14/98), 721 So.2d 480, 486, *writ denied*, 98-2874 (La. 2/26/99), 738 So.2d 1061. Remoteness in time, in most cases, is only one factor to be considered when determining whether the probative value of the evidence outweighs its prejudicial effect. Generally, a lapse in time will go to the weight of the evidence rather than to its admissibility. *Jackson*, *supra*; *Guidroz*, *supra*.

Finally, the probative value of the extraneous evidence must outweigh its prejudicial effect. *State v. Page*, 08-531 (La. App. 5 Cir. 11/10/09), 28 So.3d 442, 451, *writ denied*, 09-2684 (La. 6/4/10), 38 So.3d 299. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. La. C.E. art. 403. Clearly, evidence of other crimes or bad acts is prejudicial since all evidence which tends to show it more probable than not that an individual committed a criminal offense is necessarily prejudicial. *State v. Williams*, 02-645 (La. App. 5 Cir. 11/26/02), 833 So.2d 497, 507, *writ denied*, 02-3182 (La. 4/25/03), 842 So.2d 398. The underlying policy is to protect against unfair prejudice when the evidence is only marginally relevant to the determination of guilt of the charged crime. *Id.* As used in the balancing test, "prejudicial" limits the introduction of probative evidence of prior misconduct only when it is unduly and unfairly prejudicial. *State v. Rodgers*, 16-14 (La. App. 5 Cir. 10/26/16), 202 So.3d 1189, 1201, *writs denied*, 16-2189 (La. 9/15/17), 225 So.3d 479, and 16-2093 (La. 1/29/18), 235 So.3d 1104.

Absent an abuse of discretion, a trial court's ruling on the admissibility of evidence pursuant to La. C.E. art. 404(B)(1) will not be disturbed. *Jenkins*, *supra*. The erroneous admission of other crimes evidence is subject to a harmless error analysis. *See* La. C.Cr.P. art. 921; *State v. Johnson*, 94-1379 (La. 11/27/95), 664 So.2d 94, 100-01 (errors leading to improper admission of evidence subject to harmless-error analysis; error is harmless if verdict "surely unattributable" to the error, quoting *Sullivan v. Louisiana*, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993)).

This case involves the second trial of relator. In the original trial, relator was convicted of the 1998 first degree murders of Gregory Vickers and Fergus Robinson at Claudette Hurst's home in Metairie. *Neal v. Vannoy*, 603 F.Supp.3d 310, 316 (E.D. La. 2022). Relator is now facing trial for two counts of second degree murder of the same victims.

Having thoroughly considered the writ application, as well as the applicable law, on the showing made, we decline to disturb the trial court's ruling. The trial court's determination that the evidence's relevance and probity outweigh its prejudice has not been overcome by relator herein. While relator emphasizes the differences between the 1996 incident and the 1998 crimes for which he faces trial now, the trial court noted similarities, including the involvement of firearms and drug activities. We see no abuse of the trial court's great discretion in its ruling on the State's notice of intent to introduce evidence pursuant to La. C.E. art. 404(B).

## CONCLUSION

For the foregoing reasons, this writ application is denied.

Gretna, Louisiana, this 24th day of February, 2025.

**JGG**
**SMC**
**MEJ**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **02/24/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-K-23**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Jacqueline F. Maloney (DISTRICT JUDGE)
Matthew R. Clauss (Respondent)          Thomas J. Butler (Respondent)
Russell D. Barksdale (Relator)          Gregory Q. Carter (Relator)

### MAILED

Erica L. Navalance (Relator)
Attorney at Law
The Promise of Justice Initiative
1024 Elysian Fields Avenue
New Orleans, LA 70116