WEIMER, Justice.[1]
LWe granted certiorari in this case to consider whether, following a district court ruling prohibiting the defendant from exercising a peremptory challenge to back strike a provisionally selected juror in vio *808 lation of La.C.Cr.P. art. 799.1, the court of appeal appropriately applied a harmless error analysis to conclude that the error in denying the back strike was not harmless. Finding the court of appeal correctly applied a harmless error analysis to the facts of this case, we affirm the decision below.
FACTS AND PROCEDURAL BACKGROUND
On November 6, 2008, defendant, Jeremy Patterson, and a co-defendant, Tyrone Reynolds, were charged by grand jury indictment with one count of second degree murder, in violation of La. R.S. 14:30.1. The charge stems from the July 20, 2008 shooting death of Kerry A. Emery.
13At his November 17, 2009 arraignment, defendant entered a plea of not guilty to the charge of second degree murder.[2] A jury trial commenced on June 15, 2010.
During voir dire, at the close of examination of the first panel of prospective jurors, defense counsel indicated to the district court that he wished to exercise a peremptory challenge against juror number sixteen, Suzanne K. Dumez. He quickly changed his mind, informing the court that he did not wish to excuse Ms. Dumez “at this point ... [but] may excuse her later.” The court instructed counsel that he would not be allowed to back strike and that he would be required to excuse the prospective juror at that point, or not at all. Ms. Dumez was accepted as a juror over counsel’s timely objection to the court’s no back-strike ruling.
At the conclusion of the voir dire of the second panel, a similar discussion ensued between the court and defense counsel when counsel moved to strike juror number five from the first panel, Ryan McCall. Counsel explained that he had intended to peremptorily challenge Mr. McCall at the end of the first panel, but was having trouble with his seating chart and had gotten the names of the prospective jurors mixed up. The district court denied the request to back strike Mr. McCall, and counsel noted his objection. Later, during the course of trial, defense counsel reiterated his objection to the no back-strike ruling, moving for a mistrial based on the district court’s refusal to allow him to back strike juror McCall before the entire jury panel was sworn and when he had peremptory challenges remaining. The district court denied the motion.
Following the conclusion of testimony, the jury returned a verdict of guilty, which the district court concluded was not legal because “[i]n order to have a verdict, | oten out of twelve people must vote for a single verdict,” and “there is not ten out of twelve.” The jury retired for further deliberations and returned with a verdict of guilty as charged. The vote to convict was ten to two. The defendant filed a motion for new trial, raising, among other issues, the denial of his request to peremptorily challenge provisionally selected jurors via back strike. The new trial motion was denied, and on August 25, 2010, defendant was sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. Defendant appealed.
In an unpublished decision, the court of appeal reversed defendant’s conviction, vacated his sentence, and remanded the matter to the district court for a new trial. State v. Patterson, 2011-0648 (La.App. 4 Cir. 8/24/12), 98 So.3d 439 (Table). In doing so, the court of appeal addressed the merits of only one of six assigned errors— the district court’s denial of defendant’s request to back strike a juror. Citing *809 La.C.Cr.P. art. 799.1, the court of appeal found the district court’s refusal to allow defense counsel to back strike juror number five (Mr. McCall) was error. Nevertheless, relying on State v. Taylor, 93-2201 (La.2/28/96), 669 So.2d 364, and State v. Hailey, 2002-1738 (La.App. 4 Cir. 9/17/03), 863 So.2d 564, the court found the error subject to harmless error analysis.
In conducting that analysis and assessing “whether the guilty verdict actually rendered in this trial was surely unattributable to the error,” Patterson, 2011-0648 at 8, 98 So.3d 439, quoting State v. Snyder, 98-1078, p. 15 (La.4/14/99), 750 So.2d 832, 845, the court of appeal reasoned:
In the matter sub judice, Patterson named juror number five as the juror he would have backstruck. Patterson is not required to give a reason for peremptorily challenging that juror. Furthermore, the error of the district court in precluding Patterson from backstrik-ing coupled with a verdict that was much less than unanimous are circumstances that 1 indicate that the guilty verdict rendered in this case is not surely unattributable to the error. These facts distinguish this appeal from Hailey and Taylor, where the defendants in those cases did not specify whom they would have struck.
Patterson, 2011-0648 at 9, 98 So.3d 439. Noting the “less than unanimous verdict suggests that the evidence as viewed by the jury was not overwhelming,” the court of appeal concluded that the error of the district court in refusing to allow defense counsel to back strike juror number five was not harmless, requiring reversal of the conviction and sentence and remand for a new trial. Id., 2011-0648 at 10, 98 So.3d 439.[3]
In a concurring opinion, Judge Landrieu echoed the reasoning of the majority with regard to the prohibition of back strikes, concluding that the error was not harmless because with a 10-2 verdict, “the replacement of one juror could have changed the outcome.” Id., 2011-0648 at 4, 98 So.3d 439 (Landrieu, J. concurring). The concurrence also highlighted defense counsels diligence in objecting to and preserving the error for review. Id.
Judge McKay authored a dissenting opinion, finding the defendant “failed to show that he was prejudiced by the trial court’s denial of his statutory right to backstrike.” Id., 2011-0648 at 1, 98 So.3d 439 (McKay, J. dissenting). While conceding the district court erred in prohibiting back strikes, the dissent found the error to be harmless “[cjonsidering the facts and circumstances of the instant case.” Id.
We granted the state’s application for writs, primarily to consider whether the harmless error analysis applied in Taylor remains the appropriate analysis when a defendant is prohibited from using a peremptory challenge to back strike a | .^provisionally selected juror, in violation of La.C.Cr.P. art. 799.1, and, if so, whether the harmless error analysis was properly applied to the facts and circumstances of this particular case. State v. Patterson, 2012-2042 (La.12/14/12), 104 So.3d 426.[4]
*810 LAW AND ANALYSIS
 For the reasons assigned this day in State v. Lewis, 2012-1021 (La.3/19/13), 112 So.3d 796, 2013 WL 1115398, we agree with the court of appeal’s conclusion that the district court erred in denying defense counsel permission to back strike provisionally-selected juror McCall at the end of the second venire panel, before the court swore in the jury panel as a whole. The prohibition on back strikes was a clear violation of La. C.Cr.P. art. 799.1.[5] We likewise agree with the court of appeal’s conclusion that the error in refusing to allow defense counsel to back strike juror McCall is one which is subject to harmless error analysis. Lewis, 2012-1021, slip op. at 13, 112 So.3d at 803-04.
The lone question which remains for our consideration is whether the court of appeal properly applied the harmless-error analysis to the facts of this case to conclude that the guilty verdict rendered was not surely unattributable to the district court’s error and, therefore, not harmless.
Before this court, the state argues that the court of appeal’s harmless error analysis, which it characterizes as “pithy” and “conclusory,” is faulty. Citing Taylor, Ifithe state argues the court of appeal did not hold defendant to his burden of identifying some specific prejudice that may have resulted from the district court’s erroneous ruling. The state argues the defendant had the opportunity to examine all prospective jurors, to challenge them for cause, and to peremptorily challenge them. It criticizes the defendant for failing to offer a reason why he desired to strike Mr. McCall and for failing to demonstrate, based on the voir dire transcript, that other potential jurors who might have replaced Mr. McCall on the jury might have voted not guilty.
Ultimately, the state’s pointed criticism of the court of appeal’s harmless error analysis does not withstand scrutiny. As we explain in Lewis:
When this court addressed the question of harmless error in Taylor, we referenced State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94, 100, which adopts the harmless error test of Sullivan v. Louisiana, 508 U.S. 275 [113 S.Ct. 2078, 124 L.Ed.2d 182] (1993). Under that test, derived from Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), “[t]he inquiry ... is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error.” Johnson, 1994-1379 at 14, 664 So.2d at 100, quoting Sullivan, 508 U.S. at 279 [113 S.Ct. 2078]. Moreover, under Chapman, it is clear that the burden of proving harmless error rests squarely on the shoulders of the party benefiting from the error. Chapman, 386 U.S. at 24 [87 S.Ct. 824] (“Certainly error ... casts on someone other than the person prejudiced by it a burden to show that it was harmless. It is for that reason that the original common-law harmless-error rule put the burden on the beneficiary of the error either to *811 prove that there was no injury or to suffer a reversal of his erroneously obtained judgment.”).
Lewis, 2012-1021, slip op. at 15-16, 112 So.3d at 804-05. Thus, in the present case, defendant did not, as the state argues, have the burden of showing a reasonable probability of an acquittal but for the denial of his peremptory challenge; rather, the state had the burden of showing the jury’s verdict was surely unattributable to the presence of juror McCall on the panel who, but for the district court’s violation of La.C.Cr.P. art. 799.1, would have been peremptorily challenged in favor of a different juror.[6]
As we point out in Lewis, the state’s burden in a case such as this is a difficult one, given jury dynamics and the possible influence even a single juror may have on the course of deliberations. Lewis, 2012-1021, slip op. at 16, 112 So.3d at 805. As the court of appeal correctly noted, that burden is even more difficult when, as here, there is a split 10-2 jury verdict, and the replacement of one juror could have changed the outcome.
Certainly, under some circumstances, the error in denying back strikes may be harmless. Such was the situation this court encountered in Taylor, where we found harmless error because the objectionable juror (who counsel did not identify until oral argument before this court) was a member of the fifth and final voir dire panel and counsel had the opportunity to challenge that juror before the swearing of the entire panel, but chose not to do so. Taylor, 1993-2201 at 25-26, 669 So.2d at 377-378. In this case, by contrast, counsel made it very clear that he wished to peremptorily challenge juror McCall and would have done so but for an error he made with the seating chart. Thus, unlike Taylor, there is no question that defense counsel would have struck Mr. McCall and the composition of the jury would have been different if not for the district court’s error in prohibiting back strikes.
The conviction in this case, as in Lewis, rests on witness credibility, as there is no physical evidence linking defendant to the crime. This fact, coupled with the less than unanimous jury verdict, makes its impossible to conclude, as the court of appeal correctly noted, that the verdict actually rendered in this case was surely unattributable to the error of the district court. The court of appeal correctly determined that the district court’s error in prohibiting back strikes was not harmless Rbeyond a reasonable doubt and that defendant’s conviction and sentence must be vacated and the matter remanded to the district court for a new trial.
DECREE
For the foregoing reasons, the judgment of the court of appeal is affirmed.
AFFIRMED.
Judge JEFFERSON D. HUGHES III, was assigned as Justice pro tempore, sitting for KIMBALL, C.J., for oral argument. He sits as an elected Justice at the time this opinion is rendered.

. Judge Jefferson D. Hughes III, was assigned as Justice pro tempore, sitting for Kimball, C.J., for oral argument. He sits as an elected Justice at the time this opinion is rendered.

. Reynolds also entered a plea of not guilty at his arraignment and, following a jury trial on October 1, 2009, was acquitted of the charge of second degree murder.

. In addition, the author of the opinion found that defendant received ineffective assistance of counsel when his attorney "fail[ed] to object to the removal of juror number five when the removed jurors were released and in his performance at trial.” Patterson, 2011-0648 at 10, 98 So.3d 439. However, two judges on the appellate panel dissented from that portion of the opinion finding ineffective assistance of counsel. As a result, there is no majority determination that counsel rendered ineffective assistance.

. This case was consolidated for oral argument with State v. Lewis, which is decided in a separate opinion. Lewis, 2012-1021 (La.3/19/13), 112 So.3d 796.

. La.C.Cr.P. art. 799.1 provides:
Notwithstanding any other provision of law to the contrary, and specifically notwithstanding the provisions of Article 788, in the jury selection process, the state and the defendant may exercise all peremptory challenges available to each side, respectively, prior to the full complement of jurors being seated and before being sworn in by the court, and the state or the defendant may exercise any remaining peremptory challenge to one or more of the jurors previously accepted. No juror shall be sworn in until both parties agree on the jury composition or have exercised all challenges available to them, unless otherwise agreed to by the parties.

. We note, for completeness, that defense counsel also objected to the district court’s refusal to allow him to reserve a decision on whether to peremptorily challenge juror Du-mez (who was a member of the first voir dire panel) until later in the voir dire process. The district court's ruling prohibiting a back strike with respect to this juror was erroneous, but counsel was clearly given the opportunity to peremptorily challenge this juror and elected to retain her on th& panel with knowledge that he would not be permitted to use a back strike to remove the juror later.