ROLAND L. BELSOME, Judge.
|, Corey Lewis seeks review of his conviction and sentence. Mr. Lewis was charged with La. R.S. 40:967(0(2), possession of cocaine. A jury found him guilty as charged and he was sentenced as a multiple offender to serve twenty seven years at the Department of Corrections.
STATEMENT OF CASE
On March 19, 2010, Mr. Lewis was charged by bill of information with one count of possession of cocaine.[1] He entered a plea of not guilty and requested a jury trial. At that time, motions were filed to suppress evidence, statements, and identification. Mr. Lewis later filed a motion for a twelve person jury, a motion for written jury instructions, and a motion in limine to exclude audio recordings of conversations of his telephone calls while incarcerated. The trial court denied all of Mr. Lewis’ motions, and he was tried and found guilty of possession of cocaine by a six-person jury.
On February 6, 2013, the trial court sentenced Mr. Lewis to five years at hard labor to run concurrently with credit for time served. A multiple bill hearing was held on April 9, 2013, at which time Lewis was found a multiple offender and |2was sentenced to serve twenty-seven years at hard labor to run concurrently with credit for time served.
Mr. Lewis filed an appeal seeking this court’s review of three assignments of error relating to his conviction and sentence. Those assignments of error maintain that the trial court erred by: 1) not allowing the defense to back strike a provisionally accepted juror; 2) improperly advising the jury that it was “uncomfortable” with their failure to reach a verdict; 3) allowing a taped conversation from jail to be played for the jury solely to depict the appellant as a bad person.
In his first assignment of error, Mr. Lewis maintains that the trial judge erred in not allowing the defense to back strike a provisionally accepted juror. Once the provisional jury was selected, Mr. Lewis sought to excuse juror Miriam Finley by using his preemptory challenge. Over Mr. Lewis’ objection, the trial court denied the back strike even though back striking is a right sanctioned by La.C.Cr.P. art. 799.1.[2] *832 During jury selection, the following communication transpired:
Defense: And, Your Honor, at this time we would like to exercise back strikes and strike juror No. 7, Miriam Finley. I believe we still have one—
State: And I’m pretty sure the judge said “no back strikes” at the beginning of the trial.
Defense: And we objected to that.
|sThe Court: And I did. And I did. And I will not permit that and I will let you note your objection.
The statutory right to exercise peremptory challenges at any time before the jury panel is sworn has long been recognized.[3] Moreover, La.C.Cr.P. art. 799.1, added in 2006, codified the Louisiana Supreme Court’s previous holdings in State v. Watts and State v. Taylor, where the Court concluded that a juror who was temporarily accepted and sworn could still be challenged if the jury panel had not yet been sworn.[4]
Mr. Lewis and the State agree that article 799.1 explicitly allows for back strikes and the trial court’s denial of that right was legal error. Thus, the question before this Court now becomes whether such an error was harmless.
The Louisiana Supreme Court has recently addressed this issue, in State v. Lewis.[5] In Lewis, the defendant’s sentence and conviction for two counts of second degree murder were vacated, reversed, and remanded. This Court affirmed the defendant’s conviction and sentence on appeal. Filing writs with the Louisiana Supreme Court, the defendant argued that the trial court erred in denying his motion to back strike a provisionally accepted juror and in turn this Court erred in finding the denial of the back strike to be harmless error. The Supreme Court agreed, reversed and vacated the defendant’s conviction and sentence, concluding that “given the particular facts and circumstances of the case, we cannot conclude with certainty that the jury’s guilty verdicts were surely unattributable to the error of the district court in denying defendant the right to use a peremptory challenge to |4back strike juror [Wolfe] and, thus, that the error in prohibiting the back strike was harmless beyond a reasonable doubt.”[6]
In reversing this Court, the Lewis court provided a clear directive of how the harmless error analysis should be conducted. More specifically, the court stated that “the burden of proving harmless error rests squarely on the shoulders of the party benefitting from the error.”[7] Therefore, in the instant appeal, the State bears the burden of proving that the trial court’s error was harmless.
In this case, Mr. Lewis was tried for possession of cocaine. The State needed a *833 unanimous vote from the six jurors to convict. Prior to the jury returning a unanimous verdict, the jury entered the courtroom and informed the trial court that they were deadlocked with a vote of four to two. After being further instructed by the trial court, the jury continued deliberations and ultimately returned a unanimous guilty verdict.
Again, the State does not dispute that the trial court’s denial of Mr. Lewis’ back strike was legal error, but contends that the error was harmless. As discussed in Lewis, the State benefitted from the error and thus has the burden to prove that the jury’s verdict was “surely unattributable” to the trial court’s denial of the back strike. To support its position the State relies on the fact that the jury returned a unanimous verdict and that would necessarily imply that the evidence against Mr. Lewis was so overwhelming that replacing a juror would have had no consequence. We disagree. As noted in Lewis, whether a jury is split or unanimous is not determinative of whether the error was prejudicial or harmless, but rather a fact to consider in assessing if the State has met its burden in proving | fithe jury’s verdict was surely unattributable to the error. Although the verdict in this case was unanimous, this Court cannot disregard the fact that the jury was initially deadlocked. That fact alone provides a reasonable possibility that, but for the trial court’s error, the outcome could have been different. The State has simply failed to meet its burden in this case. Therefore, we cannot conclude with certainty that the jury’s guilty verdict was surely unattributable to the trial to the error of the trial court denying Mr. Lewis the right to use a peremptory challenge to back strike juror Miriam Finely. For that reason, we are unable to find that the error in prohibiting the back strike was harmless beyond a reasonable doubt.
Accordingly, Corey Lewis’ conviction and sentence are vacated and the matter is remanded for a new trial.[8]
REVERSED AND REMANDED.

. The underlying facts of the charges are not relevant to the issues discussed in this opinion.

. La.C.Cr.P. art. 799.1 states:
Notwithstanding any other provision of law to the contrary, and specifically notwithstanding the provisions of Article 788, in *832 the jury selection process, the state and the defendant may exercise all peremptory challenges available to each side, respectively, prior to the full complement of jurors being seated and before being sworn in by the court, and the state or the defendant may exercise any remaining peremptory challenge to one or more of the jurors previously accepted. No juror shall be sworn in until both parties agree on the jury composition or have exercised all challenges available to them, unless otherwise agreed to by the parties, [emphasis added].

. See State v. Watts, 579 So.2d 931 (La.1991); see also La.C.Cr.P. arts. 788, 790, and 795 B(1).

. 579 So.2d 931 (La.1991)

. 2012-1021 (La.3/19/13), 112 So.3d 796.

. Id. p. 17, 112 So.3d at 806.

. Id., p. 15, 112 So.3d at 805 (citing Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)).

. This Court’s ruling pretermits the review of the remaining assignments of error.