CRICHTON, J.,
additionally concurs and assigns reasons.
|,I concur in the unanimous decision to deny this writ but write separately to once again express my concerns over what appears to be a disturbing pattern by Criminal District Court, specifically, in its noncompliance with the law as set forth by La.C.Cr.P. art. 799.1.
In this case, over the objection of defense counsel, the trial judge refused to allow the exercise of “backstrike” peremptory challenges. At one point during deliberations, the six person jury announced its inability to reach a unanimous verdict; however, after deliberations were resumed, they reached a verdict of guilty of possession of cocaine. Following a multiple offender adjudication, the defendant was sentenced to 27 years hard labor. Finding a violation of the mandate of La. C.Cr.P. art. 799.1, the court of appeal concluded the error “was not harmless as there was a reasonable possibility the outcome could have been different if the trial court had not disallowed backstrikes.”[1]
Although this court has, on occasion, found the refusal to allow backstrikes to be harmless error,[2] this court has also, on occasion, had the unpleasant task of | ¿reversing convictions out of Criminal Dis *831 trict Court and remanding for new trials.[3] Now having occurred over two years ago, this court in State v. Lewis[4] reversed convictions of two counts of second degree murder because of La.C.Cr.P. art. 799.1 violations. On that very same day, this court issued its opinion in State v. Patterson,[5] affirming the court of appeal’s reversal and remand for the same violation and concluding that the violations were not harmless error. Thus, both Orleans murder cases were reversed because of La. C.Cr.P. art. 799.1 errors that could not be deemed harmless. Recently, I concurred in the majority writ denial in State v. Allen, noting “my concern about what appears to be a pattern in the Criminal District Court of denying parties their statutory right to exercise backstrikes.”[6]
La.C.Cr.P. art. 799.1 is clear, unambiguous, and above' all, mandatory. Besides this noneompliance with the law, it amounts to inefficient administration of criminal justice. As my colleague Justice Jeannette Knoll has observed: “We, the judiciary, are all bound to follow and to respect the law, notwithstanding our disagreement with, or our dislike of, the particular law or precedent.”[7] Hopefully, this trend will stop such that we will not have cause to visit this error again.

. State v. Lewis, 13-1436 (La.App. 4 Cir. 7/23/14), 146 So.3d 830; State v. Plaisance, 00-1858 (La.App. 4 Cir. 3/6/02), 811 So.2d 1172, rehearing denied, writ denied, 02-1395 (La. 11/27/02), 831 So.2d 270.

. State v. Taylor, 93-2201 (La.2/28/96), 669 So.2d 364.

. State v. Lewis, 12-1021 (La.3/19/13), 112 So.3d 796; State v. Patterson, 12-2042 (La.3/19/13), 112 So.3d 806; State v. Ross, 13-0500 (La.App. 4 Cir. 3/26/14), 137 So.3d 759, writ denied, 14-0886 (La. 11/14/14), 152 So.3d 880.

. 12-1021 (La.3/19/13), 112 So.3d 796.

. 12-2042 (La.3/19/13), 112 So.3d 806.

. 14-1582 (La.3/27/15), 2015 WL 1401407, 164 So.3d 180.

. Id.